IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

HEATHER DENTRO, *Administratrix of
the Estate of Cody Baisden, deceased*,

           Plaintiff,

v.                          CIVIL ACTION NO.   2:23-cv-00583

HAWKEYE CONTRACTING COMPANY,
LLC,

           Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Defendant's *Motion to Dismiss or, in the Alternative, Motion for Order to Show Cause* (Document 58), the *Memorandum of Law in Support of Defendant's Motion to Dismiss or, in the Alternative, Motion for Order to Show Cause* (Document 59), the Defendant's *Motion for Leave to Supplement the Record* (Document 60), the *Defendant's Motion to Dismiss for Failure to Comply With Order to Show Cause* (Document 63), the *Memorandum of Law in Support of Defendant's Motion to Dismiss for Failure to Comply With Order to Show Cause* (Document 64), and the *Plaintiff's Answer to Defendant's Motion to Dismiss for Failure to Comply With Order to Show Cause* (Document 65).

The Defendant's motions to dismiss arise from the Plaintiff's failure to timely respond to an *Order* (Document 57) directing her to obtain new counsel or notify the Court of her intention to proceed pro se within 30 days, following the withdrawal of her previous counsel.  That order was entered on January 23, 2025.  On February 25, 2025, the Defendant filed its first motion,

asking the Court to dismiss for failure to prosecute or failure to comply with a court order, or to enter an order to show cause as to why the case should not be dismissed. On March 13, 2025, the Defendant filed a motion for leave to supplement the record, noting that the Plaintiff failed to file a response to its motion to dismiss within the 14-day response period. On March 17, 2025, the Court entered an order to show cause, directing the Plaintiff to respond within 14 days of entry of the order to show cause as to why she had failed to file a timely response to the Court's prior order or to the pending motion to dismiss. (Document 61.)

On March 27, 2025, attorney Kaitlyn Adkins noticed her appearance for the Plaintiff. Hawkeye again moved to dismiss on April 1, 2025, citing the Plaintiff's failure to timely respond to the Court's order to show cause or to seek relief therefrom. The Plaintiff filed a response by counsel the next day, explaining that the Plaintiff thought she had retained replacement counsel prior to the initial 30-day deadline and only learned after that deadline had passed that the attorney had not filed a notice of appearance, and her new counsel promptly began communicating with defense counsel. Plaintiff's counsel explained that she sought to review the record prior to making any filings and was unable to do so in the 3 days between her retention and the deadline in the Court's show cause order.

Rule 41(b) provides: "if the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The Fourth Circuit has established "a four-part analysis courts should consider before levying the sanction of dismissal," instructing courts to balance: "(1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused the defendant, (3) the existence of a drawn out history of deliberately proceeding in a dilatory fashion, and (4) the existence of

sanctions less drastic than dismissal." *Doyle v. Murray*, 938 F.2d 33, 34 (4th Cir. 1991) (quoting *Herbert v. Saffell,* 877 F.2d 267, 270 (4th Cir.1989)).

The Plaintiff bears some personal responsibility for the repeated failures to comply with orders and deadlines. She dismissed her attorneys. Although she indicates that she believed she had found a new attorney prior to the Court's 30-day deadline for either obtaining counsel or notifying the Court of an intent to proceed pro-se, she filed nothing even after learning otherwise. The Court understands that federal courts may be difficult to navigate for laypeople, but unrepresented parties routinely file informal, letter-form motions and responses. After realizing she did not have counsel at the expiration of the Court's 30-day deadline, or upon receiving the Defendant's first motion to dismiss, the Plaintiff had an obligation to either comply with or seek relief from the Court's 30-day deadline and the deadline to respond to the motion to dismiss. A brief letter-form response stating that she did not wish to proceed pro-se and was continuing to seek replacement counsel would have prevented the Defendant from incurring the expense of filing additional motions.

The remaining factors weigh against dismissal, however. The delay caused relatively little prejudice to the Defendant. The Court finds no evidence of deliberate dilatory behavior. Sanctions less drastic than dismissal are available. In addition to dismissal, the Defendant requests an award of "costs and reasonable attorneys' fees attributable to Plaintiff's misconduct," and the Court finds that such an award may be appropriate. (Document 64 at 7.)

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the Defendant's *Motion to Dismiss or, in the Alternative, Motion for Order to Show Cause* (Document 58) and the *Defendant's Motion to Dismiss for Failure to Comply With Order to Show Cause* (Document 63) be **DENIED** to the extent it seeks dismissal. The Court **ORDERS** that the

Defendant's *Motion for Leave to Supplement the Record* (Document 60) be **GRANTED**. Finally, the Court **ORDERS** that the Defendant submit a separate motion for attorneys' fees, detailing the fees and costs attributable to the Plaintiff's delay and failure to timely respond to Court orders no later than **May 16, 2025**. Any response thereto may be filed no later than **May 23, 2025**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:   May 5, 2025

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA