**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

HEATHER DENTRO, *Administratrix of*
*the Estate of Cody Baisden, deceased*,

                 Plaintiff,

v.                                 CIVIL ACTION NO.   2:23-cv-00583

HAWKEYE CONTRACTING COMPANY,
LLC,

                 Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Defendant's Motion for Summary Judgment* (Document 89), the *Memorandum of Law in Support of Defendant's Motion for Summary Judgment* (Document 90), the *Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment* (Document 94), and the Defendant's *Reply in Support of Motion for Summary Judgment* (Document 95), as well as all attached exhibits.   For the reasons stated herein, the Court finds that the Defendant's motion for summary judgment should be granted.

**FACTS**

Employees of the Defendant, Hawkeye Contracting Company, LLC, transported an excavator and a dozer on lowboy tractor trailers from a mine site in Mingo County, West Virginia, on December 23, 2021.   They travelled in a convoy led by Justin Clevenger in a pilot vehicle, followed by Joshua Chaney with the excavator, with Aaron Graley at the end with the dozer.   They

were travelling on Route 65 northbound through Lenore, Mingo County, West Virginia, at around 11:00 a.m.

The decedent, Cody Baisden, was travelling Route 65 southbound in his GMC Sierra pickup truck at the same time. Mr. Baisden was killed when his vehicle was involved in a collision with the trailer hauling the excavator. The Mingo County Sheriff's Department responded to the accident and concluded that Mr. Baisden had crossed the centerline and veered into the southbound lane, colliding with the excavator. Mr. Baisden's truck then struck the guardrail, left the roadway, and hit a parked car. His vehicle was travelling 51 miles per hour immediately before the accident, although the speed limit was 35 miles per hour. Vehicle data reviewed by the Plaintiff's expert, Jerome Owens, confirmed that Mr. Baisden did not brake or take evasive action prior to the accident, despite passing the pilot truck with caution flags and lights before encountering the truck with the excavator.

Mr. Clevenger, the driver of the pilot truck, testified that Mr. Baisden's vehicle was coming toward him, and he was able to pull to the right and avoid Mr. Baisden's vehicle. He testified that he told Mr. Chaney, the driver of the truck with the excavator, over the CB that a vehicle was coming toward him on Chaney's side of the road. Mr. Chaney testified that he slowed in response to Mr. Clevenger's warning and pulled as far to the right as he could without hitting the guardrail, but Mr. Baisden's vehicle had drifted more than halfway into the southbound lane at the time of impact. Mr. Chaney saw Mr. Baisden prior to impact and said he appeared to be asleep. Mr. Chaney pulled over to the right immediately after the accident and approached Mr. Baisden's vehicle. Mr. Graley, the driver of the tractor trailer hauling the dozer, told officers immediately after the accident that Mr. Baisden's pickup truck struck the excavator and continued across the

road in the southbound lane, causing Mr. Graley to swerve to miss him.   In his deposition, Mr. Graley testified that he saw the accident and Mr. Chaney had pulled to the right of the fog line in his lane to try to avoid Mr. Baisden.   Jerome Owens testified that he spoke with Mr. Graley later, and Mr. Graley told him that the impact had already occurred when he saw Mr. Baisden's vehicle and swerved to avoid it.   (Owens Dep. at 76::12-14) (Document 89-1.)

A nearby resident, Ralph Marcum, witnessed the accident from his porch.   He gave a statement to police indicating that the Hawkeye vehicles were driving in the proper lane, and Mr. Baisden veered toward the excavator, hit it, then continued toward the guardrail.   Mr. Marcum later provided an affidavit disclaiming his initial statement and indicating that the angle from which he viewed the accident may have caused him to be mistaken about whether the Hawkeye tractor trailer was fully in its lane and whether Mr. Baisden was left-of-center at the time of impact.

Mr. Owens completed an expert report, wherein he opines that the Hawkeye excavator was above the size and weight limits to travel on Rt. 65 without a permit.   He further opines that the trailer tracked to the inside of a curve and encroached the opposing lane, causing the accident when Mr. Baisden struck the excavator.   During his deposition, Mr. Owens stated that he was not an expert in commercial trucking or in off-tracking and lacked the measurements necessary to calculate off-tracking to determine whether the excavator was off-tracking.   He conceded that he could not testify to a reasonable degree of scientific certainty that the Hawkeye trailer was off-tracking at the time of the impact or that the Hawkeye vehicle caused the accident.   (Owens Dep. at 90::12-16 and 108::7-11.)   In his deposition, he stated that Hawkeye's purported lack of a permit was his basis for assigning fault to Hawkeye, although he conceded that the same logic would apply with regard to Mr. Baisden's driving on a suspended license.

The Complaint in this case asserts two causes of action: negligence, and inherently dangerous activity.   The Defendant seeks summary judgment as to both causes of action.

## STANDARD OF REVIEW

The well-established standard in consideration of a motion for summary judgment is that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   Fed. R. Civ. P. 56(a)–(c); *see also Hunt v. Cromartie*, 526 U.S. 541, 549 (1999); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Hoschar v. Appalachian Power Co.*, 739 F.3d 163, 169 (4th Cir. 2014).   A "material fact" is a fact that could affect the outcome of the case.   *Anderson*, 477 U.S. at 248; *News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010).   A "genuine issue" concerning a material fact exists when the evidence is sufficient to allow a reasonable jury to return a verdict in the nonmoving party's favor.   *FDIC v. Cashion*, 720 F.3d 169, 180 (4th Cir. 2013); *News & Observer*, 597 F.3d at 576.

The moving party bears the burden of showing that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law.   Fed. R. Civ. P. 56(a); *Celotex Corp.*, 477 U.S. at 322–23.   When determining whether summary judgment is appropriate, a court must view all of the factual evidence, and any reasonable inferences to be drawn therefrom, in the light most favorable to the nonmoving party.   *Hoschar*, 739 F.3d at 169.   However, the nonmoving party must offer some "concrete evidence from which a reasonable juror could return a verdict in his favor."   *Anderson*, 477 U.S. at 256.   "At the summary judgment stage, the non-moving party must come forward with more than 'mere speculation or the building of one inference upon

4

another' to resist dismissal of the action." *Perry v. Kappos*, No.11-1476, 2012 WL 2130908, at *3 (4th Cir. June 13, 2012) (unpublished decision) (quoting *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985)).

In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter," *Anderson*, 477 U.S. at 249, nor will it make determinations of credibility. *N. Am. Precast, Inc. v. Gen. Cas. Co. of Wis.*, 2008 WL 906334, *3 (S.D. W. Va. Mar. 31, 2008) (Copenhaver, J.) (citing *Sosebee v. Murphy*, 797 F.2d 179, 182 (4th Cir. 1986). If disputes over a material fact exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," summary judgment is inappropriate. *Anderson*, 477 U.S. at 250. If, however, the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case," then summary judgment should be granted because "a complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322–23.

## APPLICABLE LAW

The basic elements of a negligence claim are duty, breach of that duty, causation, and damages. "In order to establish a negligence claim in West Virginia, '[a] plaintiff must prove by a preponderance of the evidence that the defendant owed a legal duty to the plaintiff and that by breaching that duty the defendant proximately caused the injuries of the plaintiff.'" *Cline v. 7– Eleven, Inc.,* 2012 WL 5471761 at *5 (N. D. W.Va. Nov. 9, 2012) (citing *Neely v. Belk, Inc.,* 668 S.E.2d 189, 197 (W. Va. 2008)). "Negligence is the violation of the duty of taking care under the given circumstances. It is not absolute; but is always relative to some circumstances of time, place, manner, or person." Syl. Pt. 5, *Orso v. City of Logan*, 900 S.E.2d 28, 29 (W. Va. 2024).

"The proximate cause of an injury is the last negligent act contributing to the injury and without which the injury would not have occurred," and plaintiffs must prove proximate cause to recover for negligence.   Syl. Pt. 7, *Jones v. Logan Cnty. Bd. of Educ.*, 881 S.E.2d 374, 376 (W. Va. 2022). When evidence is conflicting or may reasonably support different conclusions, "questions of negligence, contributory negligence, proximate cause, intervening cause, and concurrent negligence are questions of fact for the jury."   *Id.* at Syl. Pt. 9.

## DISCUSSION

The Defendant contends that the undisputed facts establish that Mr. Baisden was left of center, speeding, and did not brake or make an avoidance maneuver immediately prior to the accident.   It argues that there is no evidence to support the Plaintiff's theory that the Defendant was left of center or otherwise breached a duty of care or proximately caused the accident, given that the Plaintiff's expert conceded that he could not testify to a reasonable degree of scientific certainty that the Defendant vehicle caused the accident.   The Defendant asserts that any permitting violation is irrelevant to causation.   The Defendant further contends that Count Two, asserting a claim for "inherently dangerous activity" is not cognizable as a separate cause of action, and would require the same showing of negligence as Count One.   Because the Plaintiff's claims would require speculation with no basis in the evidence, the Defendant argues that summary judgment is appropriate.

The Plaintiff contends that "[t]he physical evidence—including roadway geometry, damage alignment, and the debris field—places both vehicles within the centerline zone at the moment of impact," such that "minor deviations by either driver in this space become fatal, and this fact alone creates a triable question of comparative negligence that cannot be resolved as a

matter of law." (Pls.' Resp. at 2.) She argues that witness credibility, including the credibility of her expert, should be evaluated by the jury. She argues that Mr. Owens "repeatedly testified that the physical positioning of the vehicles, the road curvature, and the encroachment patterns require jury evaluation, not judicial fiat." (*Id.* at 3.) She contends that "any limitations in [Mr. Owens'] measurements were caused by Hawkeye's failure to preserve critical evidence, including the vehicles." (*Id.* at 5.) The Plaintiff further argues that there are factual disputes with regard to whether the Hawkeye trailer entered the northbound lane, whether both vehicles were within the centerline zone, the credibility of Mr. Graley's witness statement(s), whether physical evidence supports Mr. Owen's reconstruction of the crash, and whether Hawkeye proximately caused the collision.

Unfortunately, the Plaintiff did not attach documents or cite evidence to support her assertions regarding the facts and potential findings in this case. As an initial matter, the contention that Hawkeye failed to preserve evidence is improper. Discovery is long over, and the Plaintiff filed no motion to compel or for spoliation sanctions—nor does she explain why Hawkeye would be responsible for preserving Mr. Baisden's vehicle.

The Plaintiff's theory of the case is that the trailer with the excavator, driven by Mr. Chaney, crossed the center line and contributed to the accident. However, she has failed to come forward with evidence in support of that theory. No witness saw the trailer cross the center line,[1] and her expert was unable to point to skid marks, debris, or any other physical evidence that would

---

[1] The Plaintiff's brief states that "Owens testified that Graley initially admitted the Hawkeye equipment was at or near the centerline, consistent with Owens's reconstruction, but Graley's deposition testimony downplayed Hawkeye's roadway encroachment." (Pl.'s Resp. at 3.) Regardless of the potential admissibility of any such unsworn hearsay statement, it does not appear in either Mr. Owens' deposition or his expert report, and the Plaintiff's brief does not include a citation or attached exhibit. Thus, Mr. Graley's purported statement to Mr. Owens is not evidence before the Court for purpose of the motion for summary judgment.

place the Hawkeye vehicle over the center line.   Mr. Owens suggested that the trailer could have been off-tracking but conceded that he lacked both the evidence and the expertise to do calculations that would support that possibility.   The Plaintiff argues that determination of exactly where the vehicles were at the time of impact and whether the Hawkeye trailer encroached on the southbound lane should be left to the jury.   But juries cannot be left to speculate.   They must decide facts based on actual evidence presented by the parties.   With no evidence that the Hawkeye trailer was left of center, there is no evidence that the Defendant breached its duty of care to cause the accident.[2]   At the summary judgment stage, the non-moving party is required to come forward with evidence that would permit a jury to find in its favor.   The Plaintiff has not done so. Therefore, the Court finds that the Defendant has established that it is entitled to summary judgment.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Defendant's Motion for Summary Judgment* (Document 89) be **GRANTED**.

The Court further **ORDERS** that all pending motions be **TERMINATED as moot**. Given the ruling, should the Defendant want to pursue the relief sought in the *Defendant's Motion for Attorneys' Fees and Costs* (Document 76), the Court **ORDERS** that it notify the Court within **7 days** of the entry of this Order.

---

2 In her brief, the Plaintiff does not adopt her expert's alternative reasoning that Hawkeye may have failed to obtain a permit for the overweight load.   To the extent that remains an asserted basis for liability, a missing permit (like Mr. Baisden's suspended license) was not the proximate cause of the collision and is not sufficient to defeat the motion for summary judgment.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to counsel of record and to any unrepresented party.

ENTER:     January 5, 2026

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA